FILED
United States Court of Appeals
Tenth Circuit

February 20, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTIN HERRERA-CRUZ,

Defendant - Appellant.

Nos. 13-1285 & 13-1286
(D.C. Nos. 1:12-CV-00177-DME, 1:12-CV-00178-DME, 1:11-CR-00022-DME-1, and 1:11-CR-00199-DME-1)
(D. Colo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY*

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

After his arrest for drunk driving, authorities discovered that Martin Herrera-Cruz was present in this country illegally. In fact, they found out he'd been deported and reentered illegally about ten times. So this time the authorities brought criminal charges and eventually won a conviction and prison time.

In turn, Mr. Herrera-Cruz brought this collateral challenge under 28 U.S.C. § 2255. In it, he argued (among other things) that he had received ineffective assistance of counsel in violation of the Sixth Amendment because his public

---

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

defender failed to appeal his sentence. For its part, the district court rejected this claim and denied his motion for relief. So Mr. Herrera-Cruz now requests a certificate of appealability (COA) to contest that ruling.

After careful review of the materials in this case, we can find no room to debate either the district court's reasoning or result that might warrant a COA. To succeed on his claim for ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and prejudicial under the terms of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Where (as here) a defendant argues that his attorney was ineffective because he failed to bring an appeal, our inquiry is guided even more specifically by *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). That decision teaches that *Strickland*'s deficient performance prong is met when a defendant's lawyer disregards a client's specific instructions to appeal. 528 U.S. at 477. But absent such instructions, the decision also teaches that a petitioner must show that his counsel had a duty to consult him about appealing and failed to do so. According to the Supreme Court, this duty arises only (1) "when there is reason to think . . . that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)" or (2) when "this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

Before the district court, Mr. Herrera-Cruz pursued relief under only this latter theory. He said he'd tried to get in touch with his public defender, but that

the lawyer had not returned his calls. To determine the exact nature of Mr. Herrera-Cruz's efforts, the district court held an evidentiary hearing. After taking extensive testimony, the district court (citing inconsistencies in Mr. Herrera-Cruz's statements and his failure to provide corroborating evidence) found as a factual matter that Mr. Herrera-Cruz had *not* conveyed any interest in an appeal to his attorney.

Now before us, Mr. Herrera-Cruz does not challenge the district court's rejection of the theory he pursued or the factual findings it reached on the way to its conclusion on this score. Instead he faults the district court for failing to address the theory he didn't pursue. He argues that there existed two "nonfrivolous" grounds for appeal that alone should have been enough to alert counsel to the need to consult with him about an appeal. As the district court stressed, however, Mr. Herrera-Cruz "identified no such grounds in his motion [for relief], his reply, or any other written document." Neither did he make this argument at the evidentiary hearing. D. Ct. Op. at 14. For that reason, the district court held any argument along these lines forfeited. And before this court Mr. Herrera-Cruz does not supply any reason to question the correctness of that court's conclusion.

The request for a COA is denied and this matter is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge